IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REVEREND BRIAN THOMAS | : | No. 4:05-cv-1630 |
| Plaintiff, | : | |
| | : | Judge Jones |
| v. | : | |
| JUDGE ROBERT CONWAY, | : | |
| Defendant. | : | |

**ORDER**

January 18, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before this Court is Defendant Honorable Robert J. Conway's ("Judge Conway") Motion to Dismiss ("the Motion") (doc. 11) filed on November 3, 2005. Judge Conway moves this Court to dismiss the complaint (doc. 1) filed by Plaintiff Reverend Brian Thomas ("Plaintiff") on August 11, 2005.

For the following reasons, we will grant the Motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**:

Plaintiff filed a complaint (doc. 1) with this Court on August 11, 2005. The complaint states that the Plaintiff seeks "declaratory and injunctive relief and relief for damages," arising from "the depravation of Plaintiff's constitutionally guaranteed rights and conspiracy to violate those rights." (sic) (Rec. Doc. 1 at 12).

1

From the obtuse language of the complaint, we have discerned that Plaintiff is dissatisfied with the manner in which Judge Conway, who is a judge on the Wayne County Court of Common Pleas, disposed of a case which came before him and which involved Plaintiff.

The instant Motion was filed on November 3, 2005.  The Motion has been fully briefed by the parties and is therefore ripe for review.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d2 310 (3d Cir. 1986).

**DISCUSSION**:

Judge Conway moves this Court to dismiss the Plaintiff's complaint on two grounds: first, this Court does not have subject matter jurisdiction to review state court proceedings and second, this suit is barred by judicial immunity. We shall deal with each argument in turn.

A.  **Subject Matter Jurisdiciton**

Pursuant to Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923) and District of Columba Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983), federal district courts do not have jurisdiction over challenges to state trial and appellate court adjudications. The United States Supreme Court, not federal district courts, can review state court adjudications.[1]  See Exxon Mobil Corp. V. Saudi Basic Industries, Corp., 544 U.S. ____ (2005).

Inasmuch as all of Plaintiff's claims are challenges to state court adjudications, this court lacks jurisdiction to review those adjudications pursuant to Rooker-Feldman. While there are certain exceptions to the Rooker-Feldman bar to our consideration of state adjudications, we will not labor further on this point, since in any event Plaintiff's action fails based on Judge Conway's immunity from

---

[1] An adjudication involves "the application of existing law to particular facts." Valenti v. Mitchell, 962 F. 2d 288, 297 (3d Cir. 1992).

suit.

### B.   Judicial Immunity

Judicial immunity is "immunity from suit," and it is "of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Miereles v. Waco, 502 U.S 9, 11 (1991)(quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872).

There are two circumstances in which a judge is not immune from suit. First, a judge is not immune from liability for nonjudicial actions (i.e. actions not taken in the judge's judicial capacity). See Miereles, 502 U.S. at 11 (citation omitted). Second, a judge is not immune for judicial actions taken in the complete absence of all jurisdiction. See id. at 12.

Judge Conway argues, and we wholly agree, that the Plaintiff has not and cannot make an allegation that Judge Conway acted in any other way towards Plaintiff than in his judicial capacity and within his jurisdiction. Obtuse though they are, there is no way to read the allegations in Plaintiff's complaint other than that all of the conduct attributed to Judge Conway relates to his judicial duties. Therefore, we find that Judge Conway has judicial immunity from this lawsuit

brought against him by Plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion (doc. 11) is GRANTED.

2. The Clerk shall close the file on this case.

s/ John E. Jones III
John E. Jones III
United States District Court
